**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**BRENDA COLEMAN GILLIS,**

          **Appellant,**

v.                                                                          **Civil Action No. 3:19cv875**

**WELLS FARGO HOME**
**MORTGAGE,** *et al.*,

          **Appellees.**

## MEMORANDUM OPINION

This matter comes before the Court on *pro se* appellant Brenda Coleman Gillis's "Motion to Strike Order Granting Appellee's Motion for Summary Affirmance," (the "Motion to Strike"), (ECF No. 9), and "Demand for a Hearing on Appellees Motion for Summary Affirmance," (the "Motion for Hearing"), (ECF No. 10). In the same document filed on the same date, Gillis submitted a "Notice of Appeal on Order Granting Appellee's Motion for Summary Affirmance." (ECF No. 11.) For the reasons articulated below, to the extent this Court has jurisdiction over the two pending motions, the Court will deny the Motion to Strike and the Motion for Hearing.

## I. BACKGROUND

On November 25, 2019, Gillis appealed from the Bankruptcy Court an "Order Denying Motions for Entry of Default and cancelling the Hearing Scheduled for 1/22/20." (Notice of Appeal 1; ECF No. 1.) On December 9, 2019, Mortgage Electronic Registration Systems, Inc. ("MERS"), filed a motion for summary affirmance, (the "Motion for Summary Affirmance"), with the requisite notice pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) and

Local Civil Rule 7(K).[1] (Mot. Summ. Affirm., ECF No. 4.) In the Motion for Summary

Affirmance, MERS explained that given the procedural history of Gillis's bankruptcy action

below:

> [T]here is no dispute that the Bankruptcy Court dismissed the Complaint with prejudice, that this Court affirmed the dismissal of the Complaint and that Appellant did not file an appeal of this Court's affirmance. As such, the case is ended and the Bankruptcy Court did not commit any legal or reversible error with respect to the Dismissal Order. The Dismissal Order should be summarily affirmed.

(Mem. Supp. Mot. Summ. Affirm. 4, ECF No. 5.)

Gillis did not respond to the Motion for Summary Affirmance. Rather, on December 27,

2019, Gillis filed her opening brief. (Appellant Br., ECF No. 6.) Gillis's opening brief read in

its entirety:

> On this day, December 26, 2019, Appellant Brenda Coleman Gillis hereby submits her initial brief as follows: Forgery + Fraud Vitiates All! Appellant Brenda Coleman Gillis will be adding/addendums to this brief. Thank you in advance.

(Appellant Br. 1–2.) Gillis did not address the Motion for Summary Affirmance in her brief or

otherwise add to her argument on appeal.

On December 31, 2019, twenty-two days after MERS filed its motion, the Court granted

the Motion for Summary Affirmance.[2] (Dec. 31, 2019 Order 1, ECF No. 7.) On January 2,

---

[1] Local Civil Rule 7(K) states in pertinent part:

> It shall be the obligation of counsel for any party who files any dispositive or partially dispositive motion addressed to a party who is appearing in the action without counsel to attach to or include at the foot of the motion a warning consistent with the requirements of *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

E.D. Va. Loc. Civ. R. 7(K). The *Roseboro* Notice informed Gillis that she had twenty-one (21) days to respond to the Motion to Dismiss, and that failure to respond could result in dismissal of her claims. (ECF No. 4-2.)

[2] At that time the Court observed many deficiencies with Gillis's brief on appeal, noting in particular that it did not conform with the requirements of the Federal Rules of Bankruptcy

2020, twenty-four days after MERS filed its motion, the Court received from Gillis a response in opposition to the Motion for Summary Affirmance. (Resp., ECF No. 8.) Gillis's response again stated that "fraud vituates [sic] everything" and raised general allegations of an illegal foreclosure, claiming that "[s]everal parties have conglomerated (and continue to conglomerate) so they can steal the proceeds of our home." (Resp 1–2.) Gillis's response did not otherwise explain how the Bankruptcy Court erred nor challenge the arguments raised in the Motion for Summary Affirmance.

One week later, on January 9, 2020, Gillis filed her Motion to Strike, Motion for Hearing, and Notice of Appeal.[3] (ECF Nos. 9, 10, 11.) MERS filed a response in opposition to the

---

Procedure that govern appeals to the district court. *See, e.g.*, Fed. R. Bankr. P. 8014. Among other things, Gillis's brief did not include a jurisdictional statement, nor did it indicate "the filing dates establishing the timeliness of the appeal," a "statement of the issues presented and, for each one, a concise statement of the applicable standard of appellate review," or "an assertion that the appeal is from a final judgment, order, or decree" of the Bankruptcy Court. Fed. R. Bankr. P. 8014(a)(4). Additionally, the transmittal letter from the Bankruptcy Court indicated that Gillis never paid the required filing fee for this appeal, nor did she move to proceed *in forma pauperis*. (ECF No. 1-1.) Gillis did not seek to correct these deficiencies prior to filing her notice of appeal.

When a party appeals a judgment, order, or decree of a bankruptcy court, she must file a notice of appeal that "(A) conform[s] substantially to the appropriate Official Form; (B) [is] accompanied by the judgment, order, or decree, or the part of it, being appealed; and (C) [is] accompanied by the prescribed fee." Fed. R. Bankr. P. 8003(a)(3). "An appellant's failure to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for the district court . . . to act as it considers appropriate, including dismissing the appeal." Fed. R. Bankr. P. 8003(a)(2). Additionally, if the district court determines that an appeal is frivolous, "it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee." Fed. R. Bankr. P. 8020(a).

[3] The Federal Rules of Appellate Procedure explain that when "a party files a notice of appeal after the court announces or enters a judgment--but before it disposes of any motion listed in Rule 4(a)(4)(A)--the notice becomes effective to appeal a judgment or order . . . when the order disposing of the last such remaining motion is entered." Fed. R. App. P. 4(a)(4)(B)(i).

Motion to Strike and Motion for Hearing. (Opp'n, ECF No. 13.) The Court now considers the pending motions.

## II. ANALYSIS

Gillis does not identify the specific legal standard under which she brings her motions. Given Gillis's *pro se* status, *Bracey v. Buchanan,* 55 F. Supp. 2d 416, 421 (E.D. Va. 1999), the Court liberally considers the motions as requesting a rehearing pursuant to Federal Rule of Bankruptcy Procedure 8022 or for reconsideration pursuant to Federal Rules of Civil Procedure 59(e), 60(b), or 60(d).[4] To the extent that Gillis asks the Court to construe her Motion to Strike and Motion for Hearing as requesting such extraordinary postjudgment relief, the Court will deny the motions.

Federal Rule of Bankruptcy Procedure 8022 "provides the sole mechanism for filing a motion for rehearing from a final order of the district court sitting in [its] capacity" as a bankruptcy appellate court.[5] *Bli v. USA Farm Serv. Agency,* 465 F.3d 654, 658 (6th Cir. 2006) (internal quotation marks and citations omitted). Under Rule 8022, a motion for rehearing must be filed within fourteen days after entry of judgment. Fed. R. Bank. P. 8022(a)(1). The Rule further provides that the "motion must state with particularity each of point of law or fact that the movant believes the district court . . . has overlooked or misapprehended and must argue in support of the motion. Oral argument is not permitted." Fed. R. Bank. P. 8022(a)(2). Although

---

[4] In all other respects, the Court lacks jurisdiction to rule on these motions. *See Griggs v. Provident Consumer Disc. Co.,* 459 U.S. 56, 58 (1982) (per curiam) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.").

[5] As explained in the 2014 Advisory Committee Notes, Federal Rule of Bankruptcy Procedure 8022 "is derived from former Rule 8015 and [Federal Rule of Appellate Procedure] 40." Fed. R. Bankr. P. 8022 advisory committee's note to 2014 amendment.

Rule 8022 does not specify the appropriate standard for granting a motion for rehearing, district courts within the jurisdiction of the United States Court of Appeals for the Fourth Circuit have applied the same standard applicable to motions for reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure. *See, e.g., Dandridge v. Scott, Tr. for Estate of Dandridge*, No. 3:18-CV-51, 2019 WL 4228457, at *1 (W.D. Va. Sept. 5, 2019); *Kelly v. Schlossberg*, No. 8:17-cv-3846, 2018 WL 4357486, at *2 (D. Md. Sept. 12, 2018) (holding that "the standard used to evaluate motions to alter or amend a judgment pursuant to Federal Rule of Civil Procedure 59(e) is appropriate").

"In general, reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F. 3d 396, 403 (4th Cir. 1998) (citation omitted) (internal quotation marks omitted). Rule 59(e) motions may be granted "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993).

Because Bankruptcy Rule 8022 does not identify a specific standard of review, the Court also recognizes that Federal Rule of Civil Procedure 60 allows certain forms of postjudgment relief.[6] Federal Rule of Civil Procedure 60(b) allows a court to

> relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or

---

[6] *See Fobian v. Storage Tech. Corp.*, 164 F.3d 887, 891 (4th Cir. 1999) ("[W]hen a Rule 60(b) motion is filed while a judgment is on appeal, the district court has jurisdiction to entertain the motion, and should do so promptly.").

> vacated; or applying it prospectively is no longer equitable; or, (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Federal Rule of Civil Procedure 60(d)(3) permits a court to "set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d)(3).

No matter the procedural vehicle for the motions, Gillis advances no reason why this Court should change its prior order that summarily affirmed the Bankruptcy Court. (Dec. 31, 2019 Order, ECF No. 7.) Bankruptcy Rule 8022(b)(2) requires that such motions "state with particularity each point of law or fact that the movant believes the district court . . . has overlooked or misapprehended and must argue in support of the motion." Fed. R. Bankr. P. 8022(a)(2). Here, Gillis has failed to identify any point of law or fact that would serve as the basis for reconsideration of the Court's ruling.

Instead, Gillis's Motion to Strike and Motion for Hearing summarily ask this Court to strike its December 31, 2019 Order without specifying the legal or factual errors that require correction. In her Motion to Strike, Gillis appears to claim that she timely filed her Response in Opposition to the Motion for Summary Affirmance, stating that her "Response and Opposition was properly received as per the Federal Rules of Civil Procedure – Rule 6 – Computing and Extending time, [t]ime for Motion Papers." (Mot. Strike 2, ECF No. 9.) Gillis then attaches to the Motion to Strike what looks like an email to opposing counsel dated December 30, 2019, at 7:16 p.m. (ECF No. 9–2.) But the Court cannot discern what Gillis included in that email or whether opposing counsel received it. Nor does the email demonstrate that Gillis properly filed anything with the Court on that date or before the Court entered its December 31, 2019 Order.

In any event, even belatedly considering Gillis's response in opposition to the Motion for Summary Affirmance together with the arguments contained in the Motion to Strike and Motion for Hearing, the Court sees no grounds for relief available to Gillis. Gillis's conclusory

6

statement that fraud vitiates all does not suffice, and Gills has not identified any other legal or factual error in the appellate proceedings before this Court or in the Bankruptcy Court proceedings below. Gillis focuses her filings on general accusations that do not equate to legal arguments or cogent prayers for relief.

While the Court recognizes that Gillis proceeds *pro se*, she must do more than make bare statements or allegations.[7] Therefore, after due consideration, the Court will deny the Motion to Strike, (ECF No. 9), and the Motion for Hearing, (ECF No. 10).

An appropriate order shall accompany this Memorandum Opinion.

/s/

M. Hannah Lauck
United States District Judge

Date: May 4, 2020
Richmond, Virginia

---

[7] Gillis has filed many cases and appealed many rulings from the Bankruptcy Court. As such, many of the statements she makes appear to have been resolved in or related to other proceedings. *See, e.g.*, *Gillis*, No. 3:20-cv-097-JAG; *Gillis*, 3:20-cv-057-DJN; *Gillis v. Wells Fargo Home Mortg.*, *Gillis v. Specialized Loan Servicing, LLC*, 3:19-cv-412-HEH (E.D. Va. June 3, 2019); *Gillis v. Wade*, No. 3:19-cv-0409-JAG (E.D. Va. May 31, 2019); *Gillis v. Specialized Loan Servicing, LLC*, No. 3:19-cv-091-HEH (E.D. Va. Feb. 13, 2019); *Gillis v. Wells Fargo Home Mortg.*, No. 3:19-cv-002-HEH (E.D. Va. Jan. 2, 2019); *Gillis v. Specialized Loan Servicing LLC*, No. 3:18-cv-0719-HEH (E.D. Va. Oct. 19, 2018).